Sterling, Incompetent

*Joseph A. Steedle*, for petitioner.

*Robert L. Ceisler*, for Olivia T. Rennekamp.

ADJUDICATION BY TERPUTAC, J., AUGUST 6, 1981:

This matter is before the court on preliminary objections raised by Olivia T. Rennekamp, friend and attorney-in-fact, averring that the court is without jurisdiction to entertain the petition to adjudicate Sara H. Sterling an incompetent.

At the outset we must point out that this is not a true matter of subject matter jurisdiction, for this court clearly has subject matter jurisdiction in incompetency cases. Rather the issue is whether we have venue to entertain the proceeding. More precisely, the question involves domicile and not mere residence.

The findings of fact and conclusions of law contained herein are based upon the testimony taken before this court and the memoranda of law submitted by both counsel. Under Sec. 5512 of the Probate, Estates and Fiduciaries Code, it is provided:

> "(a) Resident Incompetent. A guardian of the person or estate of an incompetent may be appointed by the court of the county in which the incompetent is domiciled."

For at least ten years prior to December 26, 1979, Sara H. Sterling was domiciled in the Sheraden District of Pittsburgh, County of Allegheny, and prior thereto she lived in Robinson Township, also in the same county. All of her assets are located in Allegheny County. Mrs. Sterling had given a power of attorney to her longtime friend, Olivia T. Rennekamp, in order that Mrs. Rennekamp might help Mrs. Sterling conduct her personal and financial affairs. When it was apparent that Mrs. Sterling needed the services of a nursing home, she attempted to acquire such services in Allegheny County but she was unsuccessful. Finally she located a nursing home in Washington County. She agreed to be placed in the South Hills Nursing Home located near Canonsburg in Washington County as a temporary measure. There was no intention on the part of Mrs. Sterling to abandon or relinquish her domicile in Allegheny County, even though as a financial and practical measure, she had to give up her apartment. She has resided in the South Hills Nursing Home since December 26, 1979. At the present time it would appear that her mental condition has deteriorated.

As to the issue of her domicile, Mrs. Sterling has resided in Allegheny County all of her lifetime; all of her assets,

friends and contacts are in that county. It would be foolish to hold that she abandoned that domicile merely because she had to surrender her apartment lease, the latter measure having been taken as a practical, financial step. The proper venue where the petition for adjudication of incompetency should be entertained is Allegheny County: *Coulter Est.*, 406 Pa. 402. Domicile is a question of intent to be gleaned from all attendant circumstances: *McKenna v. McKenna*,      Pa. Superior Ct.    , 422 A.2d 668. Since her physical presence in Washington County was a matter of necessity, the principle of prima facie evidence of domicile is inapplicable, (*Coulter Est., supra*), and the burden of proving a change in domicile rests upon the party asserting it: *McKenna v. McKenna, supra.* If the issue of forum non conveniens is germane, it would seem that all of the contacts and the situs of her assets would indicate Allegheny County.

Therefore, taking into consideration the facts that her personal assets are in Allegheny County, that she had resided there all of her lifetime, that all of her friends and contacts remain there, that the bank proposed as guardian of her estate is in Allegheny County, we hold that venue properly lies in that county for this proceeding.